**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff,<br><br>v.<br><br>Philip James Chillemi,<br><br>    Defendant. | No. CR-03-00917-001-PHX-DJH<br>No. CR-97-00199-001-PHX-DJH<br><br>**ORDER** |

Before the Court is the Defendant's Motion for Compassionate Release. (Doc. 126)[1]. The Government has filed a Response in opposition (Doc. 127) to which the Defendant has Replied. (Doc. 134). The Court notes that this is the Defendant's second such Motion and that on November 13, 2020, this Court denied that Motion. (*See* Docs. 120 and 125). For the following reasons, the Court denies the Defendant's Motion.

I.  **Background[2]**

On August 16, 2004, in case CR-03-00917, the Defendant was sentenced, following a jury conviction for bank robbery, to a twenty-year term of federal custody to be followed by a three-year term of Supervised Release. (Doc. 59). When he committed that offense, he was serving a supervised release term in case CR-03-00917 for committing bank robbery. The Defendant admitted the alleged violation and his supervised release was ordered revoked and he was ordered to serve two-years in custody, consecutive to the

---

[1] The Motion also appears at Doc. 162 in CR 97-0199.
[2] The Court incorporates herein the background in its prior Order (Doc.125) which need not be repeated here.

twenty-year term imposed in CR 03-00917.  (Doc. 133).  Thus, the Defendant was ordered to serve a combined in-custody sentence of twenty-two years followed by a three-year supervised release term.

The Defendant is presently held in the federal correctional institute in Phoenix, Arizona ("FCI"), a medium security facility.  The FCI Inmate Locator shows his projected release date as May 12, 2030, and the Government disputes this, noting that he has just about finished his bank robbery sentence in CR-03-00917.  Once completed, he will then begin his two-year custody term for violating his supervised release in CR-97-00199.  Thereafter, his three-year supervised release term in CR-03-00917 will commence.

## II.    Legal Standards

### Exhaustion of Remedies

This Court previously found that the Defendant exhausted his administrative remedies pursuant to 18 U.S.C. § 3582(c).  The Government does not dispute that he has met the exhaustion requirement. (Doc. 127 at 7).  Therefore, the Court will turn to the substance of his Motion.

### Extraordinary and Compelling Reasons

As noted in the prior Order, early release and early termination of sentences should only occur upon extraordinary and compelling reasons.  Sentencing guideline section 1B1.13 n. 1 defines "extraordinary and compelling reasons" for compassionate release.  Relevant here is whether the defendant has a serious advanced illness or medical condition, and whether there are specific family circumstances; and other reasons as determined appropriate by the Director of the BOP.  *See* U.S.S.G. § 1B1.13 cmt. 1(A)-(B). Despite this guidance, courts may independently determine whether other reasons are present on a case-by-case basis and without deference to the BOP.  *See United States v. Prigge*, 2021 WL 3550207 *1 (D. Ariz. Aug. 11, 2021).

The Court must also "consider [ ] the factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c).  Those factors include "the nature and circumstances of the offense and the history and characteristics of the defendant; the

purposes of sentencing; the kinds of sentences available; the sentences and ranges established by the Sentencing Guidelines; relevant policy statements issued by the Sentencing Commission; the need to avoid unwarranted sentencing disparities among similarly situated defendants; and the need to provide restitution to victims." *United States v. Trujillo*, 713 F.3d 1003, 1008 (9th Cir. 2013).   Thus, the Court must find both extraordinary and compelling reasons for compassionate release and that the 3553(a) factors support such release. *See United States v. Ruelas*, 2020 WL 5645093, *2 (D. Ariz. Sept. 22, 2020) (citations omitted).   The Defendant has the burden to show both extraordinary and compelling reasons and that the 3553(a) factors warrant his sentence reduction.

**III**.   **Analysis**

**a.  Extraordinary and Compelling Reasons**

The Defendant reasserts that he is particularly vulnerable to the COVID-19 virus because he suffers from Hepatitis-C, and malignant hypertension.  (Doc. 126 at 4) (*See also* Doc.  120 at 1-2).[3]   He asserts that his IU and HCV RNA numbers have steadily increased over the years and that he has not received any treatment for his Hepatitis C over the years.  (Doc. 126 at 5).  The Defendant states that within the past few months his blood pressure was persistently at dangerous levels despite taking medication regularly.  Next, he reiterates his prior argument that despite the multiple efforts made to curb the spread of COVID-19 within BOP facilities generally, these efforts have not eliminated the virus.  (*Id.* at 6).  The Government reasserts that the Defendant's Motion should be denied because he fails to meet the extraordinary and compelling reasons for immediate release and that he poses a significant danger to the public.  (Doc.127 at 9).  The Government points out that the only change that has occurred since he filed his last Motion is that he has been vaccinated against COVID-19.  (*Id.* at 10).

The more recent medical records provided support that the Defendant has Hepatitis-C and hypertension.  They also show that in May 2021, he was experiencing reoccurring

---

[3] He omits mention of obesity or issues related to Keratoconus as previously noted.

urinary tract problems. The records show that on April, 13 2021 he was in quarantine and tested for the presence of Covid -19.  The medical records do not include his test results or any medical intervention from April 20 – 26, 2021, but do repeatedly note that he was continuously evaluated and denied Covid symptoms and had "No: cough, shortness of Breath, fatigue, body aches, sore throat . . ." (Doc. 126-1).  The Court now notes that he has begun to seek care for his medical conditions. (*See* Doc. 125 at 6) (finding that in May 2019, he denied having a history of diabetes, cardio-respiratory issues, and he refused care for his hepatitis).

Considering the Defendant's current age and health, the Court finds that he is not suffering from a serious physical or medical condition that warrants the extraordinary relief he seeks.  First, according to the Centers for Disease Control and Prevention ("CDC"), adults with Hepatitis "might be" at an increased risk of severe illness from the virus.[4]  The CDC advises that the best way to avoid COVID-19 is to avoid exposure and to take the same precautions taken by other people with underlying conditions. The CDC also states that "vaccination will help protect you from getting COVID-19" and that, along with self-care will curb against severe illness.  Essentially, the CDC's guidance remains unchanged from the time this Court issued its prior Order.  (*See* Doc. 125 at 5).

The Court notes that the Defendant has more recently experienced an increase in urinary tract issues and "that his blood pressure was persistently at dangerous levels despite him taking the prescribed medications[.]" However, the Court has once again reviewed the available medical record and can find nothing to support his contention that his current medical conditions amount to an extraordinary and compelling circumstance warranting his release.  Such medical condition should "substantially diminish the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." Section1B1.13.  Here, the Defendant's medical record reflects that he has consistently been provided with medical treatment and medication and that though he has been in contact with COVID-19, he has not suffered

---

[4] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/liver-disease.html (last visited January 12, 2022)

debilitating effects from it.

The Court has also considered the Defendant's argument that statistics have not shown that the virus has been eliminated from BOP facilities and that being confined in FCI Phoenix makes him more susceptible to contracting the virus. (Doc. 126 at 6). The Government points out that the BOP has devoted all available resources to combating the virus in its facilities. (Doc. 127 at 5). Among their efforts include releasing vulnerable inmates to home confinement, controlling visitation, issuing personal protection equipment, quarantining, and making vaccinations available to both staff and inmates.[5] These modifications also weigh against the Defendant's Motion. *See United States v. Singui*, 2020 WL 2523114 * 4 (C.D. Cal. May 12, 2020) (finding that there is little evidence that the defendant is presently at greater risk of contracting the virus while incarcerated than in the general population).

Here, the Court notes that the Defendant has exercised self-care by obtaining the Moderna vaccination, which is highly effective against contracting the virus and diminishes the effects of it if contracted. The CDC reports that fully vaccinated persons are less likely to develop serious illness than those unvaccinated who get COVID-19.[6] Moreover, the CDC recognizes that breakthrough infections will occur, and maintain that vaccinations are the best protection from them. *See United States v. Calderon-De Copelyn*, 2021 WL 4355647 at *2 (D. Ariz. Sept. 24, 2021) (noting that a defendant's vaccination status and previous recovery from COVID-19 substantially mitigate the risks she faces). Therefore, the Court does not find the Defendant's current medical condition support terminating his sentence.

To the extent that his Motion asserts that the health needs of his mother necessitate his release, the Court is not persuaded. (Doc. 126 at 7). His mother appears to be well cared for as he describes that she is housed in a skilled nursing and rehabilitation facility that provides for her daily care. Thus, on this record, the Court finds that his Motion does

---

[5] https://www.bop.gov/coronavirus/covid19_status.jsp (last visited January 12, 2022).
[6] https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last visited January 12, 2022).

not set forth extraordinary and compelling reasons to reduce his sentence to time-served. Nonetheless, it will also consider whether he presents a present danger as asserted by the Government.

**b.  The 3553(a) Factors**

The Court herein incorporates its' previous findings as set forth in the prior Order (Doc. 125).  The Court notes that the Defendant puts forth little, if any, new information regarding the 3553(a) factors.  Consequently, he does not meet his burden of persuasion.

As previously noted by the Court, at least twice, the Defendant committed bank robbery while he was on parole, pre-trial or supervised release.  (*Id.*) Noteworthy here is that the Defendant's three-year supervised release term has yet to commence.  That term was a critical part of the sentencing court's order because it set forth conditions to address his substance abuse and mental health issues, and conditions to support his ability to re-integrate into the community after serving a lengthy part of his adulthood incarcerated. And as this Court previously noted, rehabilitation and community immersion outside of federal custody is trying, even under the best of circumstances.  Here, the Defendant simply wishes to be released from custody to live, alone, in his family home, unsupervised. The lengthy record of his illegal substance use, criminal activity, defiance of court orders and lack of education and employment history, all weigh heavily against this request.  That is because the Court must also consider any risk posed to the community.  The Court cannot find that the 3553(a) factors as applied to the Defendant warrant reducing his two sentences to a time-served sentence.   Accordingly,

**IT IS ORDERED** denying Defendant's Motion for Compassionate Release (Doc. 126) in CR-03-00917-001-PHX-DJH and (Doc. 162) in CR-97-00199-001-PHX-DJH.

Dated this 12th day of January, 2022.

Honorable Diane J. Humetewa
United States District Judge